### QUACKENBUSH v. CITY OF YANKTON, S. D.

(Circuit Court of Appeals. Eighth Circuit. April 24, 1911.)

No. 3,457.

MUNICIPAL CORPORATIONS (§ 1035*)—CONTRACTS—VALIDITY—BURDEN OF PROOF.

A municipal corporation, which denies liability on a contract on the ground that it imposes an indebtedness beyond the constitutional limit, has the burden of proof to affirmatively establish such fact.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1035.*]

In Error to the Circuit Court of the United States for the District of South Dakota.

Action at law by John E. Quackenbush against the City of Yankton, S. D. Judgment for defendant, and plaintiff brings error. Reversed.

C. H. Winsor and C. J. B. Harris, for plaintiff in error.

A. H. Orvis (A. L. Wyman, City Atty., and L. B. French, on the brief), for defendant in error.

Before HOOK, Circuit Judge, and RINER and W. H. MUNGER, District Judges.

---

HOOK, Circuit Judge. This was an action by Quackenbush to recover upon contract for the building of a concrete bridge. The city defended upon two grounds: First, that the specifications were not complied with; and, second, that the contract was void, because in violation of a provision of the state Constitution that the indebtedness of a city, exclusive of that for water and sewerage, should never exceed 5 per centum of the assessed valuation of the taxable property therein for the preceding year. The case was tried to a jury, which returned a general verdict for the plaintiff. The city, as permitted by the local practice, then moved for judgment notwithstanding the verdict, upon the ground that the undisputed evidence sustained the second defense. The motion was sustained, and judgment rendered accordingly. Of this the plaintiff complains.

The bill of exceptions before us, which recites that it contains all the evidence upon the second defense, shows that when the bridge contract was made the indebtedness of the city, exclusive of that for water, was already in excess of 5 per cent. of the assessed valuation; but there was no showing whatever that none of such indebtedness was for sewerage, or, if any, that the remainder was still in excess of the constitutional limit. The defense based on the constitutional limit of indebtedness therefore failed. The presumption is the municipal authorities performed their duty and acted within the law, and any contention to the contrary must be supported by affirmative proof. It is urged that some evidence on the question must have been omitted from the bill of exceptions by oversight; but it is plain we cannot proceed on that assumption. It is more likely the trial court was misled by mistake of counsel as to what the evidence showed.

As there was a general verdict for the plaintiff on the entire case, it follows that the judgment for the city should be reversed, and the cause remanded, with direction to enter judgment for the plaintiff.