## City of Newport v. Veith, et al.

(Decided October 5, 1911.)

### Appeal from Campbell Circuit Court.

Public Buildings.—The court house in Campbell county is located in the city of Newport on a public square owned and controlled by the city. In 1883 the city entered into a contract with the Court House Commissioners, giving them the right to erect a court house on this square, and in pursuance of the contract they erected the building. Afterwards, the needs of the public business required an addition to the building, and it is held that the

Court House Commissioners  without the consent of the city, have the right to make such additions to the building from time to time as the needs of the public and the uses and purposes for which the building was intended require.

C. T. BAKER for appellant.

KELLY & REGENSTEIN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This controversy between the city of Newport and the appellees, Court House Commissioners of the Court House District in Campbell County, involves the question —whether or not the commissioners have a right to build an addition to the court house building situated on the public square in the city of Newport.

In 1795 James Taylor, Sr., then the owner of the land upon which the public square in Newport is located, conveyed the same to—

"The justices of the County Court of Campbell County, and their successors, for and in consideration of the said justices and the justices of the court of quarter sessions having fixed on Newport at the confluence of the Ohio and Licking rivers for the seat of justice for said county, to be held by said justices and their successors to the use of said county and to be appropriated as the said justices and their successors might think proper for the use of public buildings."

The lot conveyed was used for the purposes to which it was dedicated until 1840, when the county seat was removed to the town of Alexandria, and the county public buildings at Newport abandoned. After this, and in 1851, a question came up as to whether this ground in the city of Newport so dedicated by Taylor was owned by the city of Newport or by the county of Campbell, the city insisting that when the county in 1840 abandoned the use of the ground for county purposes the control and ownership of it became vested in the city; while the county contended that this abandonment did not surrender or forfeit its right to the property. In disposing of this controversy, this court in the case of Campbell County v. Town of Newport, 12 B. Mon., 538, said:

"Of course, the square and the public edifices which the county court might erect thereon must be used and occupied alone for public purposes, and if abandoned by the county court justices for the public purposes for

which the square and buildings was destined they have no legal or equitable right to appropriate them to private and individual uses and purposes, as they have done. And upon their abandonment of the square and buildings, then a dedication for public use results by implication in favor of the inhabitants of the town of Newport." * * *

It being decided in this case that the abandonment by the county operated to transfer the lot to the city of Newport, the matter so remained until 1882, when by an act of the Legislature a court house district was created in the county of Campbell, embracing the city of Newport and other adjacent territory; and under authority of the act Court House Commissioners were appointed for this district and a tax authorized to be levied and collected upon the property thereof for the purpose of erecting a court house in the city of Newport. Under and pursuant to this act a contract was entered into in 1883 between the Court House Commissioners and the city of Newport, whereby for certain stipulated considerations the city agreed to permit the commissioners to erect a court house upon this public square, and this was done and the court house so erected has been used from that time until the present. In the early part of 1911 the Court House Commissioners deeming it necessary for the safe protection of the records and the convenience of the public that an addition should be made to the building, were proceeding to have the same erected when this suit to enjoin the construction of the work was brought. The suit is predicated upon the ground that the city of Newport had not consented to the erection of any additions to the building, and that in the absence of its permission the commissioners had no authority to make any additions.

In their answer to this suit, the Commissioners set up that they proposed to make as an addition to the public building a vault in which to store and safely keep the records of Campbell County, Kentucky, and to be used alone for such purposes. They averred that this addition to the court house was necessary for county and court house district governmental purposes, and that the location selected on the south side of the present building was the safest and best point on the public square for such a building and that it could not be erected or constructed within the walls of the present court house. They further averred that under the authority conferred upon the commissioners by the contract with the city and the various legislative acts to erect and maintain the court

house, they were authorized to erect and maintain such additions to the court house as the public business in the county and court house district and Campbell County might require, and that this was all they were seeking to do by the erection of the addition.

The evidence introduced on the trial below fully sustains the contention of the court house commissioners, that the erection of this addition at the place contemplated by the commissioners is necessary for the convenience of the public and the safe preservation of the records. Under these circumstances we think the motion for an injunction was properly denied.

Without going into the question of the respective rights of the county and city in the control and ownership of this public square, and conceding for the purposes of what we have to say that its control is vested in the city, we are nevertheless of the opinion that when the city surrendered to the Court House Commissioners the right to erect and maintain a court house and public building on this square, that this carried with it as a necessary consequence the right to make such additions to the court house and public building from time to time as the needs of the public and the uses and purposes for which the building was intended required.

As the commissioners are only exercising authority to this extent, the judgment of the lower court refusing to interfere with them is affirmed.