## Galion Iron Works & Manufacturing Company, et al. v. Bullitt County.

(Decided June 17, 1919.)

### Appeal from Bullitt Circuit Court.

1. Appeal and Error—Counties—Appeals from Fiscal Court—Necessity of Pleading.—Where, on appeal to the circuit court from an order of the fiscal court allowing a claim in the sum of $6,260.00, the order is not invalid on its face, a county should manifest its right to relief on appeal by a pleading showing wherein the order is invalid either in whole or in part, and to that end, facts, and not mere conclusions of law, should be alleged.

2. Municipal Corporations—Counties—Limitation of Indebtedness—Evidence—Burden of Proof.—The burden of proving that a particular indebtedness of a county is void, because it exceeded the statutory or constitutional limit, is upon him who alleges its invalidity, and this rule is peculiarly applicable where a county is attacking its own indebtedness, and all the facts are in its possession.

3. Actions—Municipal Corporations—Counties—Limitation of Indebtedness—Jury Trial.—Where the indebtedness of a county is attacked on the ground that it exceeded the statutory or constitutional limit, the case should not be tried by a jury since it involves a complicated set of accounts, and the questions of law and fact are so intermingled that the jury could not be properly instructed.

BAGBY & HUGUELY, GARNETT & VANWINKLE and BEN CHAPEZE for appellants.

C. P. BRADBURY, J. F. COMBS and CHARLES CARROLL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

After advertising for bids for certain road machinery, the fiscal court of Bullitt county, on April 25, 1916, accepted the bid of the Galion Iron Works & Manufacturing Company, and on the same day entered into a contract, binding the county to pay therefor the sum of $6,260.00.

On June 15, 1916, the claim of the company was presented to, and allowed by, the fiscal court, and a voucher issued for the amount of the claim. Thereafter, the county attorney prosecuted an appeal, on behalf of the county, to the Bullitt circuit court, from the order of the fiscal court allowing the claim. At the same time, the county attorney filed a petition alleging in general terms that the debt was void because it had been created against the road and bridge fund for the year 1916, and exceeded the income provided for that fund for that year. Over the objection of the company the county was permitted to withdraw this pleading. Thereupon the company moved the court to require the county to make and tender an issue in writing in lieu of the petition withdrawn, but the motion was overruled. Then the company proved the execution of the contract, the delivery of the machinery and the allowance of the claim by the fiscal court, and asked for a peremptory instruction directing the jury to find for it.

This motion was overruled, and the court further ruled that it was the duty of the company to establish by proof, that the indebtedness did not exceed the revenue and income provided by the county for the year 1916, and did not exceed the revenue and income set apart for the road and bridge fund for that year. After hearing the evidence on these questions, the court overruled the company's motion for a peremptory instruction and directed the jury to return a verdict in favor of the county. Judgment was entered accordingly and the company appeals.

We have recently ruled that where an order of the fiscal court is appealed from, and the order is not invalid on its face, the county should manifest its right to relief on the appeal by a pleading showing wherein the order is invalid either in whole or in part, and to this end facts must be alleged and not mere conclusions of law.

McCreary County v. J. C. Mayer & Co., 178 Ky. 366, 198 S. W. 909. Not only so, but the burden of proving that a particular indebtedness is void, because it exceeded the statutory or constitutional limit, is upon him who alleges its invalidity, and this rule is peculiarly applicable where a county is attacking its own indebtedness and all the facts are in its possession. Were the rule otherwise, a claimant who had a contract, valid on its face, and whose claim had been allowed by the fiscal court, would, on appeal, be required to anticipate and overcome every possible defense that could be made to his claim. Hence, we conclude that the court erred in not requiring the county to file a pleading, showing wherein the order allowing the claim was invalid, and in placing the burden on the company of showing that the indebtedness did not exceed the constitutional or statutory limit.

We may further add that we see no necessity for a jury in the trial of an action such as this. It not only involves an understanding and appreciation of a complicated set of accounts, but the questions of law and fact are so intermingled that the jury could not be properly instructed.

Judgment reversed and cause remanded for a new trial consistent with this opinion.