## Sugg v. Board of Trustees of Glasgow Graded Common School Dist. No. 83 et al.

(Decided June 1, 1934.)

RICHARDSON & REDFORD for appellant.

J. R. WHITE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

A demurrer having been sustained to the plaintiff's petition as amended and he having declined to plead further, his petition as amended was dismissed, and he has appealed.

The facts as set out in the petition as amended are these: The appellant and plaintiff below, W. H. Sugg, was by written contract dated April 6, 1933, employed by the board of trustees of the Glasgow graded common school district No. 83 to supervise the work of all the teachers and of all of the school activities in this graded common school for a period of two years beginning July 1, 1933, at a stipulated salary of $2,400 per year, payable at the rate of $200 per month. The appellant entered upon the discharge of his duties under the contract and continued to perform them without interruption until January 1, 1934, at which time the trustees presented him with written notice, notifying him that his services would not be required after January 19, 1934, and that his contract was rescinded, set aside, and held for naught as of that date. The Glasgow graded common school district comprises not only the city of Glasgow, a city of the fifth class, but also a large area surrounding that city. It is operating under the general graded common school laws and not under any charter provisions of the municipality whose area forms part of its territory. Cf. Dean v. Board of Education

of Harrodsburg, 247 Ky. 553, 57 S. W. (2d) 477. Its enrollment is 1,248 pupils, with an average daily attendance of approximately 1,100. There are employed in this school approximately 30 teachers. Not only are the grades taught, but a high school is also maintained therein. V. A. Jackson, as the petition avers, was the principal of the high school department, but the appellant had general supervision of the whole school, both the grades and the high school. Sugg, believing that his contract was valid for the two-year period covered by it, sought by his original petition to enjoin the trustees from carrying into effect their resolution under which the notice of January 1, 1934, had been served upon him. The board of trustees denied that Sugg's contract was valid in any respect, first, because there was no such position as "superintendent" provided for in the Statutes; and, secondly, because principals and teachers of these graded common schools could not be elected for a longer period than one year. The court, on a hearing of the motion for a temporary injunction, upheld the validity of Sugg's contract for the period of the first year it had to run, but held it invalid for the second year. The board yielded to the ruling of the court, but proceeded to elect V. A. Jackson in Sugg's place for the year beginning July 1, 1934. Sugg then, by amended petition, sought to enjoin Jackson from interfering with him in the discharge of his duties during this second year period. The court refused to grant Sugg any relief as to the year July 1, 1934, until July 1, 1935, and, as stated, dismissed his petition as amended.

Sugg was employed under section 4472, Kentucky Statutes, controlling the appointment of principals and teachers of graded common schools. It reads:

"Boards of trustees shall appoint for the schools under their respective jurisdiction a principal and all teachers, fix their compensation and dismiss them for immorality, misconduct, incompetency, insubordination, or willful neglect of duty. Provided that in each case the charge be made in writing and that the principal or teacher be given an opportunity on not less than ten [10] days' notice to be heard in person or by counsel and to present witnesses in defense. Provided further, that no principal or teacher shall be employed who does not hold the kind and grade of certificate required by law and issued by the state board of education."

The statute, as will be noted, does not contain any provision as to the length of the term for which principals or teachers may be employed. Neither does it refer to a "superintendent." While it is true that Sugg is denominated in his contract as "superintendent" of this graded school district, yet the duties which the petition as amended charges he had to perform are those of a principal. As conceded in the brief for appellee, the board undoubtedly could legally employ a person to discharge the duties of a principal even though he was mistakenly styled superintendent. The contention that there could not be two principals of this school and that Jackson was at the same time appellant was employed as superintendent employed as principal cannot stand the test of the allegations of the petition that Jackson was principal of the high school department only and that Sugg had charge of both grades and high school. It is thus clear that, though mistakenly styled "superintendent," Sugg was employed as principal of the entire school.

The statute being silent as to the length of time for which principals and teachers may be employed, it follows, unless the question is controlled expressly or impliedly by some other statute, that the board of trustees is lodged with a discretion as to the length of time for which it may employ principal and teachers. In 56 C. J. 385, the rule is thus stated:

"In the absence of an express or implied statutory limitation on the length of term for which the board is authorized to make employment contracts, it may itself fix the term, provided only it be for a reasonable length of time and the reasonableness of the contract is determined in view of all the circumstances surrounding it."

Whether the argument that teachers are state officers and that state officers cannot be employed or elected under the Constitution for a longer period than four years and that hence the board could not have elected Sugg for a longer period than four years is sound or not we do not deem it necessary to discuss or decide, since Sugg was elected for a two-year period only, and, on the record as before us, there is no showing that the election for such a period is unreasonable or any abuse of discretion.

We are then met with the question whether or not

section 4472, which covers the election of principals and teachers in the graded common school districts of the kind and character of the Glasgow graded school district is controlled or modified expressly or impliedly by any other statute. It is argued that graded common schools are a part of our common school system, and that, this statute in question being silent as to the length of time principals and teachers may be employed, we have a right to look to that section of school laws providing for the selection of teachers in the common schools of the state for guidance, and that, when we do, we find that teachers may be elected in the common school for the period of one year only. See section 4399a-7. This section refers entirely to county boards of education, and has no express reference or application whatever to graded common schools. It is true that both county schools and graded common schools are part of the common school system. But that does not warrant the application to the graded common school system of laws clearly and manifestly meant to be applicable only to common schools. Such are the provisions of section 4399a-7. It was enacted by the Legislature to apply only to schools under the jurisdiction of the various county boards of education. It is not a general provision applicable to all the schools that compose the common school system of the state, but is a special provision applicable solely and exclusively to county schools under the jurisdiction of the various county boards of education. The case of Jeffries v. Board of Trustees, etc., 135 Ky. 488, 122 S. W. 813, does not militate against these views. In that case, the special provisions concerning graded common schools did not contain any provision concerning the qualifications of voters in the graded common school district elections. It was held that the general provisions of the law pertaining to the qualifications of voters in common school district elections were applicable. The statute being silent as to what were the qualifications of voters, no qualifications were prescribed by it, and necessarily the statute covering qualifications of voters in common school elections had to be resorted to. But we encounter no such difficulty here. Section 4472 of the Statutes, not prescribing the exact term for which teachers and principals could be elected, did not leave a hiatus, for, as we have seen, such a law means that the board of trustees may elect principals or teachers for a reasonable time. Section

4399a-7 of the Statutes does not expressly or impliedly refer to section 4472. This latter section is complete in itself, and hence we do not have to resort to any other statute to fill in a fatal omission. There was none. The board had a right to elect principals and teachers for a reasonable time.

It is urged, however, that section 4481 of the Statutes, providing for an annual budget for these graded common school districts, by implication restricts the employment of principals and teachers to one year. The cogency of this argument is not apparent. The annual budget can take care of the situation where principals and teachers are employed for a period longer than one year as well as where they are employed for a period of one year only.

It is lastly argued that the employment of a principal or teacher for more than one year would violate section 157 of the Constitution, which prohibits a taxing district to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof. This case is before this court on a demurrer to the petition as amended, and it does not disclose that the contract involved violates that constitutional provision. Further, this argument is a matter of defense, and must be asserted by an appropriate pleading. City of Louisville v. Gosnell, 61 S. W. 476, 22 Ky. Law Rep. 1524; Streine v. Commissioners of Campbell Courthouse District, 149 Ky. 641, 149 S. W. 928; Galion Iron Works & Mfg. Co. v. Bullitt County, 184 Ky. 805, 213 S. W. 200. The court erred in sustaining the demurrer to the petition as amended.

Judgment reversed for proceedings consistent with this opinion.

Richardson, J., took no part in the decision of this case.