## ROWAN COUNTY, KY. v. BANKS-MILLER SUPPLY CO.

### No. 7367.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1938.

R. T. Caldwell, of Ashland, Ky. (Caldwell & Gray and Lewright Browning, all of Ashland, Ky., on the brief), for appellant.

Clyde L. Miller, of Ashland, Ky. (Wilson & Robinson, of Ashland, Ky., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appellee, Banks-Miller Supply Company, sued appellant, Rowan County, Ky., at law upon three county warrants issued May 1, 1930, totaling $7,985, and upon another warrant issued July 7, 1931, for $163.03. The case was transferred to the equity side. Appellee recovered. There was no defense to the 1931 warrant. The other three warrants represented the purchase price of certain road machinery sold and delivered by appellee to appellant on May 1, 1930. Appellant used the machinery (a gasoline shovel and compressor) for the seasons of 1930 and 1931 and thereafter rented it out to independent contractors. Upon the maturity of the warrants, appellee demanded payment which appellant refused upon the ground that they represented a void contract entered into in violation of section 157[1] of the Kentucky Constitution.

■ When the case came to trial, appellant having admitted in its pleadings the execution and issuance of the warrants, appellee offered no other evidence in chief, because a prima facie case had been made. Rollins v. Board of Com'rs, 8 Cir., 90 F. 575.

Appellant's contention, based upon § 157, is that the indebtedness was incurred in violation thereof, because (1) the voters had not assented thereto; and (2) at the time it was created there was no county income for that year out of which to pay it, due to the fact that other claims having the prior right were more than sufficient to consume the fund.

The county's income for 1930 was $28,096.09. During that year it made the following expenditures:

| | |
|---|---|
| "Salaries of officers | $ 3,321.25 |
| Statutory fees | 9,755.62 |
| Vital statistics fees | 247.00 |
| Office supplies, Standard Prtg. Co. | 1,826.03 |
| Maintenance County Bldgs. & Supplies | 7,064.04 |
| Pauper claims | 4,509.43 |
| Total | $26,723.37" |

In construing section 157 of the Constitution, the Court of Appeals of Kentucky in Nelson County Fiscal Court v. McCrocklin, 175 Ky. 199, 194 S.W. 323, held that there must be subtracted from the income for any one year the amount necessary to defray fixed charges and expenses before further indebtedness may be incurred.

■ It is conceded that under this rule the first three tabulated items, aggregating $13,327.87, must be deducted from the total income, leaving a balance of $14,772.22. The court found that the three warrants here involved could have been paid out of this balance. Appellant attacks this finding upon the ground that the evidence is to the contrary; that the last three items in the tabulated statement, aggregating $13,399.50, were fixed and necessary charges against the income under the rule of the McCrocklin Case, leaving therefore only $1,372.72, or an insufficient amount to discharge appellee's claims; and that these

---

[1] "No county * * * shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void."

claims were therefore void because they exceeded the constitutional limit.

The burden of proving that the amount of the warrants sued on exceeded constitutional limits was upon appellant. In a similar case, Galion Iron Works & Mfg. Co. v. Bullitt County, 184 Ky. 805, 213 S. W. 200, 201, the Court of Appeals said: "Not only so, but the burden of proving that a particular indebtedness is void, because it exceeded the statutory or constitutional limit, is upon him who alleges its invalidity, and this rule is peculiarly applicable where a county is attacking its own indebtedness and all the facts are in its possession. Were the rule otherwise, a claimant who had a contract, valid on its face, and whose claim had been allowed by the fiscal court, would, on appeal, be required to anticipate and overcome every possible defense that could be made to his claim." See, also, Pike County v. Day & Night Nat. Bank, 236 Ky. 202, 32 S.W.2d 969.

■ We think appellant failed to sustain the requirement with which it was onerated. No facts were shown in explanation of these items except that the one for $1826.03 was for office supplies, used or contracted for before 1930, but paid for in that year. It is true that the county clerk testified that the item of $7,064.04 was a necessary expenditure, but this was a conclusion only. It is of course probable that the payment of certain portions of the items involved was necessary and indispensable, but appellant made no effort to establish to what extent and in what amounts this was really true. It was incumbent upon it to show that these expenditures were "for necessary governmental purposes" and in this it failed. More was required than the mere showing of receipts and disbursements for the year. Durrett Const. Co. v. Caldwell County, 196 Ky. 158, 161, 244 S.W. 409; City of Covington v. O. F. Moore Co., 218 Ky. 102, 108, 290 S.W. 1066.

An additional defense was that at the beginning of the year 1930 the county had an outstanding indebtedness of $35,512.91, which exceeded the total income for that year, but which nevertheless had to be computed as part of the expenses to be met in that year. See McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S.W. 494; Russell County Fiscal Court v. Russell County, 246 Ky. 529, 55 S.W.2d 337.

■ But appellant was not authorized to include prior indebtedness in amounts payable in 1930 unless it was valid, and here again the burden was upon appellant to show that it was. Appellant maintains that the presumption of its validity arising out of its creation by the fiscal court is sufficient for this purpose, but this presumption may not be regarded as conclusive since appellant had in its possession the facts by which the validity of the old indebtedness might have been determined and failed to produce them. Galion Iron Works & Mfg. Co. v. Bullitt County, supra. There is a justifiable inference that if they had been produced the presumption of validity might have been refuted. In order to sustain its attacks upon appellee's warrants on this ground it was equally incumbent upon appellant to produce facts establishing that, when the indebtedness to the appellee was created, it had already exhausted its debt-creating power under § 157 through its obligations to pay prior legal claims. And in this it also failed.

In addition to the Kentucky cases cited upon the point, see Quackenbush v. City of Yankton, 8 Cir., 186 F. 991.

The cases of Southern Bitulithic Co. v. DeTreville, 156 Ky. 513, 161 S.W. 560; and Pulaski County v. Richardson, 225 Ky. 556, 9 S.W.2d 523, relied upon by appellant are inapplicable. They are wholly dissimilar to the situation here, wherein appellant seeks, when sued, to avoid its obligation upon an executed contract.

The decree is affirmed.

MOORMAN, Circuit Judge, participated in the conference decision but died before the opinion was prepared.