## BANKS–MILLER SUPPLY CO. v. CARTER COUNTY, KY.

No. 43.

District Court, E. D. Kentucky.
July 3, 1942.

522

Clyde L. Miller, of Louisa, Ky., for plaintiff.

W. Hubert Counts and John S. DeHart, both of Olive Hill, Ky., for defendant.

SWINFORD, District Judge.

The plaintiff, a wholesaler of road machinery, is suing to recover on four county warrants, No. 1123 for the sum of $2,908.95, dated September 11, 1933, and by its terms made payable out of the road fund levied and collectable for the year 1934; warrant No. 1216, for $1,787.74, dated October 8, 1931, payable out of the 1931 road fund; warrant No. 1218, for $380, dated October 8, 1931, payable out of the 1931 road fund; and warrant No. 883, for $424.12, dated April 10, 1933, and payable out of the road fund for 1933. All of these warrants were issued in payment or part payment for road machinery, material and repairs. As the facts preceding the execution of each warrant are different it will be necessary to discuss them separately.

The first of these warrants in the order named was executed as the result of the following transaction: On February 14, 1930, the defendant purchased from the plaintiff road machinery in the amount of $7,485. At the time of purchase a written contract was made which provided that $3,000 be paid in cash and the "Balance covered by interest bearing warrant payable Spring 1931, or sooner if convenient to the court."

The cash payment was made and a warrant, bearing interest, was issued for the unpaid balance of $4,485. On August 1, 1933, a further payment of $2,500 was made and the warrant in suit for $2,908.95 was executed.

With reference to the second warrant named, the record discloses that on May 9, 1931, the defendant purchased a stone crusher for $2,868. A written contract was executed in which it provided that the county "will pay 1/3 in 30 days, will pay 1/3 in May 1932, will pay 1/3 in May 1933." The county made a payment in cash of $1,000 and after an adjustment on interest and freight rates, on October 8, 1931, executed for the unpaid balance the warrant in suit for the sum of $1,787.84.

Warrant No. 1218 was executed for an elevator for a rock crusher purchased in 1931.

Warrant No. 883 was for repairs and materials for road machinery purchased in June, July, August and September, 1932.

Neither the amount of revenue anticipated for the year 1930 nor the obligations of the county for that year are shown by the proof. The outstanding warrant indebtedness of Carter County on January 1, 1931, was $72,908.30, and on August 5, 1931, was $88,642.72. It is undisputed that the total amount of anticipated revenue for the year 1931 for the general fund was $49,378.98.

The anticipated revenue for the general fund for the year 1932 was $46,656.82. The

record is somewhat confused on the question of the county indebtedness for the year 1932. It appears however that on July 26, 1932, the date the obligation was created, there was an outstanding warrant indebtedness of Carter County of $25,918.-36, and at the beginning of the year 1932 an outstanding warrant indebtedness of $48,114.71.

The defendant contends that the warrants sued on herein are void for the reason that the contracts upon which they were issued in payment for the road machinery and incidental equipment were illegally entered into in violation of Section 157 of the Kentucky Constitution, the pertinent portion of which I quote: "No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same."

The interpretation and discussion of this section of our State Constitution covers many years and many opinions. Its provisions are clear and while hardly admitting of but one interpretation have at times been given a somewhat tortured construction in order to avoid an apparent injustice. The final and, in my judgment, clearly correct construction is set forth in an excellent and comprehensive opinion by the Kentucky Court of Appeals in the case of Payne v. City of Covington, 276 Ky. 380, 123 S.W.2d 1045, 122 A.L.R. 321, decided December 16, 1938. This case overruled City of Frankfort v. Fuss et al., 235 Ky. 143, 29 S.W.2d 603, and adopted the rule proclaimed by the dissenting opinion of Judges Rees, Dietzman and Thomas in that case.

■ The Payne case, supra, contains an accumulation of authorities and a history of the law as applied by the Kentucky courts. In short, it lays down the principle that it is clearly the purpose of the constitutional provision under discussion to enforce upon officials a pay as you go plan of financing for counties and municipalities and that they shall not contract in any year indebtedness that cannot be paid out of their revenue and income for that year without a vote of the people who are to bear the burden of the obligation by taxation. McCrocklin v. Nelson Fiscal Court et al., 174 Ky. 308, 192 S.W. 494.

■ Judge John D. Carroll speaking for the Court of Appeals in the case of Nelson County Fiscal Court v. McCrocklin, 175 Ky. 199, 194 S.W. 323, 324, stated the rule in the following language: "This section lays down certain mandatory rules that fiscal courts, city councils, and other taxing authorities must observe. It is so plainly written and so easily understood that there is no room for two opinions about its meaning. In the first place, it limits the rate of tax that these taxing authorities may levy without the assent of the people; and, in the second place, it prohibits the county, city, town, taxing district, or other municipality from becoming indebted in any manner or for any purpose in any year in an amount exceeding the income and revenue provided for that year."

The unquestioned soundness of this rule admits of no debate. Too frequently courts have by judicial interpretation of plain and unequivocal language avoided legislative enactments. Not only does this constitutional provision state concisely and cogently the intention of the enactors but its purpose is equally worthy. It is not a limitation upon the authority of those charged with the expenditure of tax money nor is it a hindrance to their proper administration of the duties of their offices. It simply points out a method by which funds can be raised, where needed, in addition to the maximum rate and levy.

■ On December 20, 1940, the Kentucky Court of Appeals handed down the opinion in the case of Fulton County Fiscal Court v. Southern Bell Telephone & Telegraph Company et al., 285 Ky. 17, 146 S.W.2d 15. Here again the court reviewed the many decisions construing and applying Section 157 of the Constitution. From these authorities it is the rule in Kentucky that the revenue for a given year must be first subjected to pay all necessary governmental expenses and fixed charges of the county. The remaining revenue, either collected or anticipated, may be used to pay valid obligations.

■ When the county makes commitments which cannot be paid out of the

actual anticipated revenue for the year in which it is created, such contract violates Section 157 and is void. Persons dealing with counties are charged with knowledge of this limitation on their authority to obligate the county. A debt valid when created remains valid and binding until paid.

■ The plaintiff has a right to subject the revenue for each year to the payment of its indebtedness created in that year before warrant indebtedness of a previous year is satisfied. It is true that the warrants carried into the year 1931 from previous years were paid on order of the fiscal court and that the law presumes the acts of an official to be done in accordance with his prescribed duties, but if the warrants were void the order directing their payment was void as the officials only had constitutional authority to subject the expenditure of the funds at their disposal to the satisfaction of valid obligations of the county.

The sole question to be determined from this state of fact is whether the county could pay these obligations from its anticipated revenue for the year in which they were created.

■ The facts in the case at bar do not justify holding that the warrants involved herein are invalid. In the case of Rowan County v. Banks-Miller Supply Company, 6 Cir., 95 F.2d 904, it is pointed out that the county has the burden of proving that its revenue is not equal to its current indebtedness. By indebtedness is meant valid indebtedness. It is not sufficiently established here that the outstanding warrant indebtedness is a valid indebtedness. As stated in the Rowan County case, supra, "it is not enough to merely show receipts and indebtedness." Randolph v. Shelby County, 257 Ky. 297, 77 S.W.2d 961. Each of the warrants issued were in years when there was an apparent debt in excess of the anticipated revenue, but the Court cannot assume in the absence of proof or explanation that the alleged indebtedness was a valid indebtedness. I think this case falls squarely within the rule laid down by this Circuit in Rowan County v. Banks-Miller Supply Company, supra, and the warrants are valid.

■ The additional defense that warrants Nos. 1216 and 1123 are invalid because they are not to be paid, by the terms of the contract creating the obligations out of which they grew and for which they stand, until succeeding years, adds nothing to the defendant's case. The constitutional provision is entitled to a strict construction and on its language rests the whole defense. There is nothing in that language which invalidates an obligation created in one year to be paid at a later time and in subsequent years. True it cannot be contracted for in one year to be paid out of revenue levied and collectable in subsequent years, but that is not the case here. There is nothing in the written contracts which indicates that these warrants and the obligations which they represent were not to be paid from revenues collectable in the years in which the obligations were made. This court cannot draw an inference from the record here that it was the intention of the parties to pay from revenues of subsequent years. The contracts do not so provide and there is no proof that it was so intended.

I am of the opinion that the record makes no disclosure that the revenue for the current years had been validly contracted away at the time the obligations in suit were created.

Proper findings of fact, conclusions of law and judgment should be submitted.