THOMAS E. MADDEN *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

June 8, 1883.

**Pleading—Making Complaint Definite—General Allegations.**—In order to conform to the statute, a pleading should disclose, as clearly and concisely as the circumstances reasonably admit, the facts relied upon by the pleader. Where general allegations are mingled with specific in a pleading, so as to leave the intention of the pleader uncertain and ambiguous as to the nature and extent of the proof which he may offer in addition to the matters particularly alleged, the court may, on the proper application, order the same to be made more definite, or to be stricken out.

**Same—Discretion of Court.**—The exercise of the power vested in the trial court to correct pleadings rests largely in its discretion, and its action will not be reversed by this court where, upon the merits, the substantial rights of the party are not affected.

This action was brought in the district court for Waseca county, to recover damages for personal injuries occasioned to plaintiff, who was in defendant's employ as a brakeman, by reason of a train being thrown from the track, owing to the alleged negligence of defendant in failing to keep its road in good condition. The allegations of the complaint setting out defendant's negligence are as follows, viz.:

"That said train was thrown from the track and plaintiff's injuries were caused solely by the negligent and reckless conduct of defendant *in failing, neglecting and omitting to use due care and diligence to repair said track, at said point, after the same was defective, and said repairs were necessary, to its knowledge;* and in allowing and permitting the ties in said road to remain in use after the same were *defective,* rotten and unsafe, to its knowledge, *and in not properly fastening the rails,* and in allowing and permitting the track and the surface thereof to become and remain in a grossly uneven and *defective* condition and *dangerous, and in allowing and permitting the roadbed of its road to become and remain in an unsafe and defective condition,* to the manifest peril of the public and of all persons in the employment of the defendant, and to the irreparable injury of the plaintiff, in manner and form herein stated."

On defendant's motion an order was made by *Severance*, J., requiring plaintiff to make the above-recited allegations more definite "by showing all the defects in the track of defendant's railroad upon which he relies, and by showing all the defects in the ties of said road upon which he relies, and by showing the defects in the rails and fastenings thereof upon which he relies, and by showing all the defects in the roadbed upon which he relies," and, in default of plaintiff so amending his complaint, striking out of the above allegations the italicized portions thereof.    Plaintiff appeals from this order.

*Lovely & Morgan,* for appellant.

Defendant is liable for its negligence in not keeping its road in a safe condition.    *Drymala* v. *Thompson*, 26 Minn. 40; *Gates* v. *South Minn. Ry. Co.*, 28 Minn. 110.    In charging defendant with negligence with respect to the performance of this duty, it is sufficient to allege it in general terms.    *McCauley* v. *Davidson*, 10 Minn. 335, (418;) *Clark* v. *Chic., M. & St. P. Ry. Co.*, 28 Minn. 69; Bliss on Code Pl. § 211; 2 Thompson on Negligence, 1245–1246.    The particulars in which the negligence consisted need not be set forth.    *Pugh* v. *Winona & St. Peter R. Co.*, 29 Minn. 390; *Fraker* v. *St. Paul, M. & M. Ry. Co., ante*, p. 103; *Edgerton* v. *N. Y. & H. R. Co.*, 35 Barb. 389; *Ohio & M. Ry. Co.* v. *Selby*, 47 Ind. 471; Pierce on Railroads, 323, 393; Pomeroy on Remedies, §§ 517, 525, 526.

*B. S. Lewis,* for respondent.

VANDERBURGH, J.    The district court made an order, on defendant's motion, directing the complaint to be made more definite in certain particulars, and in default thereof directed the matters objected to to be stricken out.    Under the present system, to conform to the statute, a pleading ought to state truthfully, and as clearly and concisely as is reasonably practicable, the facts relied on by the pleader.    But the exercise of the power to enforce this rule, and to correct pleadings upon motion, rests largely in the discretion of the trial court, and its action will not be reversed by this court, where, upon the merits, the substantial rights of a party are not affected. We think the authority of the appellate court in such cases ought to be limited in the first instance to such inquiry.

As respects the case at bar, though the court applied the rule with

much strictness, approaching, in some respects, perhaps, the limits of its discretion, yet, upon the record, we are unable to say that it exceeded the reasonable discretion which ought to be allowed the trial court in correcting pleadings upon such motions.  *Colter* v. *Greenhagen*, 3 Minn. 74, (126;) *Barnsback* v. *Reiner*, 8 Minn. 37, (59;) *Brisbin* v. *Am. Exp. Co.*, 15 Minn. 25, (43;) *Fraker* v. *St. Paul, M. & M. Ry. Co.*, ante, p. 103.

In *Pugh* v. *Winona & St. Peter R. Co.*, 29 Minn. 390, we held that a general allegation, which was introduced into the complaint to enable the plaintiff to prove defects not known at the time, but which might afterwards be discovered by the plaintiff, should have been stricken out as not conforming to the statute; it also appearing from the record to be a matter essentially affecting the right of the defendant to be sufficiently advised of the grounds upon which its liability was predicated, in order that it might not be surprised at the trial.   And the rule is that where a party fails to avail himself of a motion to make a pleading more definite and certain, he will be considered as waiving the objection to the pleading on that score, (*Quintard* v. *Newton*, 5 Robt. 72; *Kimball* v. *Darling*, 32 Wis. 675;) while, on the other hand, there remains the power to amend the pleading before and at the trial in furtherance of justice.

The objections made are that the complaint in this action mingles specific with general charges, and that it was left uncertain by it how much plaintiff might attempt to prove under such general allegations, and whether or not a portion of them were not intended to be limited to the matters specifically alleged; and it is urged, not without some show of reason, that it was material to defendant's rights to have the plaintiff's meaning and purpose in the use of these general allegations made plainer.   The motion in this case is made upon affidavit, setting forth that the defendant is not able to make proper answer and defence in the action unless the complaint is made more specific in the particulars mentioned, and, while several of these allegations do not seem to us to have been specially objectionable as they stood, it does not appear that the complaint might not be so corrected without injustice or embarrassment to the plaintiff.

Order affirmed.