GERHARD LEHNERTZ *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

November 17, 1883.

**Complaint for Negligence—Definiteness and Certainty.**—Portions of a complaint considered, as to the definiteness and certainty of the allegations, and the rule in *Madden* v. *Minn. & St. Louis Ry. Co.*, 30 Minn. 453, that where substantial rights are not affected the decision of the court below, on a motion to make more definite and certain, will not be reversed, followed.

Appeal by defendant from an order of the district court for Scott county, *Macdonald*, J., presiding, refusing to require the plaintiff to make certain allegations in his complaint more definite and certain.

*Peck & Little*, for appellant.

*Henry Hinds*, for respondent.

GILFILLAN, C. J. The first portion of the complaint, which defendant's motion asked to have made more definite and certain, is hardly obnoxious to the charge of uncertainty. Taken together it amounts to this: that at the highway crossing mentioned, the railroad was so located and constructed that a train or engine approaching thereon cannot be seen by a person on the highway until so near that it is difficult or impossible to avoid being struck, etc.; and that it was negligent in the defendant to so locate and construct it.

In the second part asked to be struck out, the pleader, if he was trying to make his precise meaning obscure, achieved tolerable suc- cess; but it is difficult to see how the defendant could be prejudiced by it, unless in being compelled to read very carefully, and perhaps repeatedly, the jumble of words used in order to ascertain the charges made against it. Upon a careful study of the complaint, two are apparent: one, (and the same is in the third part of the complaint assailed,) that at the crossing the railroad was insufficiently constructed, in bad order, in ruinous condition, difficult, unsafe, and dangerous for teams and vehicles to cross; the other, that it was negligent in the manner of running an engine and train of cars across the high- way with great velocity and without warning of its approach. Nothing more, definite or indefinite, can be made out of those parts of the complaint. Certainly, it is easy for defendant to be prepared to show how its road was located and constructed at the point in question; whether it was at the time in good condition or not, and whether, on the occasion mentioned, the train was running in a careful manner; and the complaint apprises it, awkwardly it is true, that it must be prepared to meet evidence from the plaintiff as to those points. The substantial rights of defendant on the merits were not affected by the decision of the court below, and, where such is the case, its exercise of discretion in granting or refusing such a motion will not be reversed by this court. *Madden* v. *Minn. & St. Louis Ry. Co.,* 30 Minn. 453.

Order affirmed.