## Baker, et al. v. Rockcastle County Court, et al.

(Decided June 12, 1928.)

### Appeal from Rockcastle Circuit Court.

Counties.—Under Constitution, sec. 158, and Ky. Stats., sec. 1857, a county fiscal court has the power to refund a floating indebtedness by the issuance of refunding bonds.

J. J. FELTON for appellants.

C. C. WILLIAMS, for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The petition in this case alleges that the fiscal court of Rockcastle county had made arangements to issue refunding bonds for the floating indetedness of that county. It alleges that the fiscal court does not have authority under the law to issue refunding bonds. There are no sufficient allegations in the petition showing that the outstanding indebtedness was not legal when incurred. We do not know, therefore, whether the indebtedness is a valid indebtedness against Rockcastle county. The only question presented in the petition, is whether the fiscal court has the power to refund a floating indebtedness when such indebtedness was legally incurred. There is no lack of authority for a county to issue refunding bonds to take care of a valid floating indebtedness. Section 158 of the Constitution of itself gives that authority, as does also section 1857, Ky. Stats. The bonds when so issued take the place of the outstanding floating indebtedness, and, if that indebtedness was legally incurred and was a valid and existing obligation against the county, the bonds are likewise, a valid indebtedness against the county.

No question is presented to us other than the power of a county through its fiscal court to refund a valid floating indebtedness. It has that power, and, as the petition did not allege any facts sufficient to show that the floating indebtedness was not made up of valid obligations against the county, the lower court properly sustained a demurrer to the petition. There is nothing for us to determine other than the authority of the county through its fiscal court to issue refunding bonds, and under the constitutional and statutory provisions cited, this authority is vested in the fiscal court of the county.

Judgment affirmed.