## Rowland v. City of Paris et al.

(Decided January 29, 1929.)

DAVID D. CLINE for appellant.

WILLIAM BLANTON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The city of Paris, a fourth-class city, enacted an ordinance providing for the issuance of bonds in the amount of $50,000, the proceeds of which were to be used to fund the floating indebtedness of the city. The city had outstanding notes, warrants, and claims amounting

to this sum which were held by individuals and banks, all bearing 6 per cent. interest. The bonds were to bear 5 per cent. interest under the provisions of the ordinance.

The appellant, a taxpayer of the city of Paris, instituted this action against the city, its mayor and the members of the city council, seeking to enjoin the issuance of the bonds on the grounds that the city was without authority to enact such an ordinance, and without authority to issue the bonds. The petition alleged that the indebtedness was incurred from year to year beginning in 1916, and that it was occasioned by reason of the failure of the city to levy a tax sufficient to take care of the current obligations of the city, and that the city did not levy taxes for these years up to the constitutional limit. It is alleged that all of the debts going to make up the $50,000 were binding and valid obligations on the city at the time they were incurred. It is alleged that an election was held in the city of Paris for the purpose of voting bonds in the amount of $25,000 for the construction of sewers, and that the issuance of the bonds was authorized by a vote of the people, and a contract was entered into for the construction of the sewers, and that they were constructed, but thereafter the election was declared invalid and the city was required to assume the indebtedness without the issuance of the bonds; that the city passed an ordinance providing for the construction of a street at the cost of the abutting property owners, and that the street was constructed at a cost of $15,000, and thereafter the ordinance was declared invalid, and, instead of that sum being paid by the abutting property owners, the city was compelled to assume the debt; that the balance of the $50,000 (that is, $10,000) was the deficit in the current expenses of the city during the years mentioned.

It is alleged that the assessed valuation of the property in the city of Paris subject to taxation during the years was sufficient to have enabled the city to raise a sufficient amount of money by taxation within constitutional limits to discharge all of the indebtedness mentioned, but the city failed to impose a sufficient tax rate to take care of the indebtedness as it was incurred. The basis of the attack on the ordinance is that it violates sections 157 and 158 of the Constitution. The allegations of the petition clearly show, if the allegations should be taken as true, that the indebtedness is not in excess of the limits fixed by section 158 of the Constitution, and

also unmistakably show that the indebtedness did not violate the provisions of section 157 of the Constitution when created. It would be better to say that the statements in the petition, which are in the nature of conclusions, show this to be true. There is nothing in the petition which would enable this court to ascertain whether the indebtedness at the time it was created was within the limits of section 157. On this point the petition alleged that, if the city council had made a levy sufficient to take care of the indebtedness as it was incurred, the levy would have been within constitutional limits. This allegation was a conclusion, and there is no fact stated which would enable the court to say that the indebtedness may have been paid by a legal levy at the time it was created.

Another attack made on the ordinance in the petition was that the city could not provide a sinking fund and take care of the interest and pay the bonds according to the provisions of the ordinance without increasing the levy each year above the constitutional limit of 75 cents. That is also a conclusion, as there is no fact in the statement which would enable the court to determine whether such a levy would be required. This is not material, however, as the city might be required to forego other expenses in order to take care of the sinking fund and interest. If it required a 7-cent annual levy on each $100 of taxable property to take care of the sinking fund and interest, there would be that much less for other purposes.

As was said in the case of Baker et al. v. Rockcastle County Court et al., 225 Ky. 99, 7 S. W. (2d) 846: "The bonds when so issued take the place of the outstanding floating indebtedness, and, if that indebtedness was legally incurred and was a valid and existing obligation against the county, the bonds are likewise a valid indebtedness against the county."

If the floating indebtedness of the city of Paris was valid when created, the changing of the form of the indebtedness and the time of payment is not the creation of a new indebtedness. If the old obligations before the form was changed were valid, the new obligations would likewise be valid. But, if the old obligations were invalid, the new obligations would suffer from exactly the same infirmities as the old obligations. As was said in the case of Vaughn v. City of Corbin, 217 Ky. 521, 289

S. W. 1104: "The issuing of bonds to fund a floating debt adds nothing to the indebtedness of the city. It merely changes the form of the existing debt."

Section 158 of the Constitution contains a proviso that nothing contained in that section shall prevent the issuing of renewal bonds or bonds to fund the floating indebtedness of any city, town, county, taxing district, or other municipality.

It will be seen that the only question which could properly be raised was whether the indebtedness of the city of Paris which it now intends to convert into the form of bonds was valid at the time it was created. The petition contained no allegation that would show that the old indebtedness, or any part of it, was invalid. Therefore it did not state facts sufficient to constitute any cause of action, and the lower court properly sustained a demurrer to it.

We do not mean to hold that the bonds are valid, because we do not know. The facts alleged in the petition are not sufficient to enable a court to determine that question. The petition contains allegations which show that the appellant thought the old indebtedness was valid, and, if it was his purpose in making the allegations to show that the old indebtedness was valid, then he was not in any position to obtain an injunction to prevent the issuing of the bonds.

Judgment affirmed.

Whole court sitting.