## Williams et al. v. Estill County et al.

(Decided March 16, 1934.)

. ..Ç. F,.SPENCER and T.. STANLEY CLAY for appellants.
.. BEN H..SCOTT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The state highway commission of Kentucky undertook the construction of a state highway from Winchester, Clark county, Ky., through the counties of Clark and Estill to Irvine in Estill county, and, at the time this suit was instituted, there remained unconstructed a certain portion of this road, extending from the Clark county line to Harg Station in Estill county, a distance of about six miles. The state highway commission directed Estill county to purchase the rights of way over the route that had been selected by it and the fiscal court of Estill county was proceeding to carry out this direction when a number of citizens and taxpayers of the county brought this suit to enjoin the fiscal court and the county court of Estill county from purchasing the rights of way or issuing county warrants therefor.

The suit was brought on the theory that the county had exhausted its revenues for the year and had already incurred the maximum indebtedness permitted by section 158 of the Constitution, and that the state highway commission was without authority to compel the county to incur an indebtedness in excess of the constitutional limit. A demurrer to the petition was sustained, and the plaintiffs appeal.

Section 157 of the Constitution reads in part:

"No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section

shall be void. Nor shall such contract be enforce-able by the person with whom made; nor shall such municipality ever be authorized to assume the same.''

Section 158 provides that:

"The respective cities, towns, counties, taxing districts and municipalities shall not be authorized or permitted to incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding the following named maximum percent-ages on the value of the taxable property therein. to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness, viz: * * * Counties, * * * two per centum [2%].''

Section 4356t-7 of the Kentucky Statutes provides that no portion of the cost of acquiring any necessary land or right of way for a state highway shall be paid out of the state road fund, but all costs of acquiring any necessary land or right of way shall be paid by the county and that the state highway commission can re-quire the counties to procure the necessary rights of way for state highway projects.

If the allegations of the petition in the instant case were sufficient in other respects, the interesting ques-ion would be presented as to whether or not the prohi-bitions contained in sections 157 and 158 of the Consti-tution are addressed to the Legislature as well as to all municipal officers and other people and forbid it from authorizing a county, city, or other municipality to create debts in excess of the limits prescribed. Any ex-pressions of opinion on this subject would be mere dicta in view of our conclusion that the petition does not state facts sufficient to present the question. For the most part its allegations are mere conclusions and no facts are stated from which the court can determine whether or not the debts alleged to be owing by the county are valid.

It alleges that Estill county has no money in its treasury that is not already appropriated; that rights of way are being secured by issuing county warrants to the land owners, payable at some future date; and that these rights of way, together with the incidental damages, will cost at least the sum of $12,000; and that

the county's proportional part of the construction of the road, in addition to the rights of way, will amount to at least the sum of $90,000; that at an election regularly held, the county voted bonds to the amount of $150,000 for the purpose of constructing, maintaining, and improving its roads and that the greater part of these bonds had been sold and the proceeds used for that purpose; that the county levied a tax of 20 cents on each $100 worth of taxable property for the purpose of creating a sinking fund for the payment of the bonds and interest thereon and the county has no source of revenue out of which the proposed purchase of the rights of way can be made other than the levy of 50 cents on the $100, the limit prescribed by section 157 of the Constitution. The taxable property amounts to the sum of $11,800,000 and the annual revenue from a levy of 50 cents on the $100 amounts only to the sum of $59,000. It further alleges that the county now has outstanding warrants issued for the construction and improvement of roads and other purposes to the amount of more than $200,000. Further along in the petition it is alleged that these warrants amounting to $200,000 are wholly illegal and void. It is then alleged that the warrants proposed to be issued for the rights of way will exceed the constitutional limits of indebtedness of the county and that the county has no funds for the purpose of paying for the rights of way or any part of the construction of the road. In the prayer of the petition the plaintiffs ask that the fiscal court and county court of Estill county be enjoined from purchasing the rights of way and issuing warrants for the construction of the proposed highway and that all warrants issued by the county during the last two years to the amount of $200,000 which now remain unpaid be adjudged null and void; and that the state highway commission be enjoined from compelling the fiscal court and county court of Estill county to purchase any further rights of way or to obligate the county in any way for the construction of the highway and that the fiscal court be enjoined from increasing the indebtedness of the county. The petition fails to allege any facts which would enable the court to determine whether or not the old indebtedness is valid or whether or not the revenue for the year has been legally exhausted. Such facts must be shown before the expenditures sought to be enjoined can be declared illegal.

We have held in a number of cases that one attacking the validity of a municipal indebtedness must allege facts showing its invalidity. Streine v. Commissioners of Campbell Courthouse District, 149 Ky. 641, 149 S. W. 928; McCreary County v. Mayer & Co., 178 Ky. 366, 198 S. W. 909; Galion Iron Works & Manufacturing Co. v. Bullitt County, 184 Ky. 805, 213 S. W. 200; Baker v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523; Lawson v. City of Greenup, 227 Ky. 414, 13 S. W. (2d) 281; Rowland v. City of Paris, 227 Ky. 570, 13 S. W. (2d) 791; King v. Christian County, 229 Ky. 234, 16 S. W. (2d) 1053; Parsons v. Arnold, 235 Ky. 600, 31 S. W. (2d) 928; State Highway Commission v. Board of Councilmen of Frankfort, 245 Ky. 799, 54 S. W. (2d) 315. A taxpayer attacking the validity of a contract of a municipality has the burden of showing that the indebtedness incurred exceeded the constitutional limitation, City of Covington v. Moore, 218 Ky. 102, 290 S. W. 1066. Here the plaintiffs base their claim that the proposed expenditures would violate the constitutional inhibitions partly upon the fact that Estill county has outstanding warrants to the amount of more than $200,000. They then allege that at least $200,000 worth of the outstanding warrants are illegal and void. If they were illegally issued and are void, then they cannot be considered in determining the validity of the proposed expenditures for rights of way. It is alleged in a general way that the entire revenue for the year had been appropriated, but this is not sufficient under the authorities heretofore cited. Facts should be alleged showing the nature and amount of the appropriations that had been made and that they were legal obligations of the county.

Plaintiffs further seek to have declared invalid warrants that had been issued prior to the filing of the petition, but the warrant holders were not made parties to this suit. Their rights are involved and they or a representative of their class should have been made parties in order that they might have an opportunity to be heard. Fiscal Court of Union County v. Young, 242 Ky. 335, 46 S. W. (2d) 473.

Having concluded that the petition failed to state facts sufficient to constitute a cause of action, the judgment is affirmed.