## Fiscal Court of Scott County v. Davidson, County Treasurer, et al.

(Decided May 21, 1935.)

S. B. TRIPLETT for appellant.

BRADLEY & BRADLEY for appellees.

J. T. GOOCH, SIDNEY B. NEAL, V. C. FRASER and TOBE GISH amici curiæ.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The fiscal court of Scott county has issued $227,000 of bonds, under section 4307. In accordance with a vote taken under section 4307b-1, it has heretofore annually levied and now levies and collects, not exceeding 20 cents on the $100 on all property subject to local taxation with which to pay the interest and the bonds as they mature, and to create a sinking fund for that purpose. On November 23, 1934, there was to the credit of the sinking fund thus created about $8,069.

Section 14 of the act of the General Assembly, Extra Session 1934 (chapter 25; section 4281v-16, Baldwin's Supp. of Carroll's Kentucky Statutes), directs and requires the auditor of public accounts, "on or before the 15th day of the second month following the end of each quarter, to credit one-third of the gross receipts tax to a fund to be known as the County Road Fund"; and to distribute the same among the counties of the commonwealth on the basis therein set forth, by paying the same to the treasurers of the counties and taking receipts therefor. The treasurers of counties are thereby directed to receive the fund and credit the same "to the road fund" of his county. Continuing, the section reads:

"The fiscal courts shall first direct the payment

annually from the road fund to the sinking fund, all of such fund so received under this act, or such a sum which is sufficient to make the payments upon principal and interest of the bonded indebtedness of such county created by the construction and/or maintenance of public roads, or bridges, or, if there be no bonded indebtedness, then all of the fund so received under the provisions of this act shall be applied to the payment of the floating indebtedness created by the construction and/or maintenance of public roads and bridges in the county, and, if there be no bonded or floating indebtedness created by the construction and/or maintenance of public roads and bridges within the counties, then such funds so received by the provisions of this act shall be expended under the orders of the fiscal courts for the construction and/or maintenance of public roads within the counties.''

On November 23, 1934, in compliance with section 14 of the Gross Receipts Tax Law of 1934, the auditor of public accounts remitted to the treasurer of Scott county $4,931.99. The treasurer received, receipted for, and credited the same ''to the road fund'' of the county. On that day, the fiscal court entered an order directing ''that the money received by Scott County, under the Gross Sales Tax Act, for the year 1934, be applied to the floating indebtedness existing against the road fund of said county.''

The treasurer, doubting the validity of this order as well as questioning his own duty to comply with it, to have determined both of these questioned, filed this action for a declaration of his rights and duties, and the authority of the fiscal court to enter and require him to carry out the order.

The county attorneys in briefs have asked that on the general knowledge of the financial conditions of counties, other than Scott, we declare the rights of all counties of the commonwealth as they are affected by section 14 of the act of the General Assembly, Extra Session 1934 (section 4281v-16, Baldwin's Supp. to Carroll's Kentucky Statutes).

Since the questions involved vitally concern the fiscal affairs of all of the counties of the commonwealth, we shall review, interpret, and construe this section as

it applies to them, assuming general knowledge of their conditions. In doing so, it is essential that we regard the Constitution and Statutes in pari materia, as well as the condition of the counties.

Section 157a of the Constitution confers the authority upon the Legislature to authorize the counties to issue and sell bonds of the counties for the construction and maintenance of roads and bridges.

Section 177 of our Constitution forbids the Legislature assuming the payment of, or paying, the ordinary, general debts of counties. However, section 157a confers upon it the authority to direct the levy, collection, and apportionment by the commonwealth to the counties, of taxes for the purpose only of construction of roads and bridges of the county. Section 4356t-16, Kentucky Statutes, was enacted in the exercise of the power conferred by this section of the Constitution. It was declared valid in Mitchell v. Knox County Fiscal Court, 165 Ky. 543, 177 S. W. 279.

Section 180 of the Constitution inhibits a tax levied and collected for one purpose, being used for another purpose, so long as the object for which it was levied and collected exists.

Section 1857 and 4307, Kentucky Statutes, authorize the fiscal courts of the counties to issue and sell bonds for road and bridge purposes, as therein stated.

Section 4307b-1, Kentucky Statutes, confers the authority on the fiscal courts to submit to the voters the question whether a tax of not exceeding a rate of 20 cents on the $100 of the property subject to local taxation shall be annually levied and collected with which to pay the interest and the bonds issued under section 4307, and to create a sinking fund for their annual payment.

It is general knowledge that some counties have issued and have outstanding bonds funding their floating indebtedness, created for the construction, repair, and maintenance of roads and bridges, which were issued in virtue of the power and authority conferred by section 1857; others have issued and have outstanding bonds issued under section 4307 for the same purpose, and have submitted to the voters the question of levying and collecting the 20 cents tax as authorized by section

4307b-1, and, on a majority vote in the affirmative, their fiscal courts began to levy and are levying and collecting annually not exceeding the 20 cents rate on the $100 of the property subject to local taxation with which they pay the interest and the bonds as they mature, and to create a sinking fund for that purpose, and still others have outstanding floating indebtedness created by the construction, repairing, and maintenance of roads and bridges, and are levying and collecting a portion of the regular 50 cents rate of taxes on property subject to local taxation, with which to pay these obligations as they mature.

We are authorized to assume that the Legislature at the time of its enactment of this section was familiar with the conditions of all of the counties. Also, to assume that the Legislature at the time of its enactment regarded the Constitution and the statutes in pari materia, and our construction of them. It is our duty to construe section 14 (section 4281v-16) on this assumption as well as to regard its language.

Manifestly, it was and is the purpose of section 14 (section 4281v-16) to levy and collect under section 157a of the Constitution a road tax to supplement the 20 cents and the 50 cents levied in those counties in which either is levied and collected for road and bridge purposes. Plainly, it does not, and was not intended to, levy a tax for the general purposes of the counties. Nor was it intended to nor does it vest the authority or power in the fiscal courts of the counties, after the tax in accordance with this section shall have been credited to the road fund of the county, to use or expend the same or any portion thereof, except as expressly set out therein. To construe it otherwise is to be forgetful of the Constitution and the language of the section itself. To construe it, as here contended for, would require a disregard of sections 157a and 177 of the Constitution, which do not permit the commonwealth to levy and collect a tax for county purposes generally.

It is our view that the correct and proper meaning of section 14 (section 4281v-16) is that the tax apportioned thereunder to the counties must be credited to the road fund, to remain inviolate until bonds theretofore issued and their interest shall be paid as the same mature, at any time; if no bonds have been issued under

either section 1857 or section 4307, then, and only then, the tax apportioned thereunder and credited to the road fund must be applied to the payment of the floating indebtedness, if any, created by the construction, repair, or maintenance of roads and bridges; if there are neither such bonds nor floating indebtedness in existence, then, in this event only, the tax may be appropriated and applied solely by the fiscal courts for the construction, repair, and maintenance of roads and bridges, or either; but in no event, under no condition, and in no circumstances may the tax or any portion thereof be used directly or indirectly, or loaned to the general fund, or otherwise encroached upon in any manner by the fiscal courts of the counties, for any other purpose whatsoever.

It is argued that this construction will inevitably result in the accumulation of a large, idle road or sinking fund in numerous counties, which, it is contended, is not the intention of the Legislature, deducible from the language of the section involved. The basic ideology of this insistence is that it is the imperative duty of fiscal courts, though counties are apportioned the tax gathered under this section, do not or may not need the same to create a road or sinking fund, to continue to levy and collect annually the 20 cents and the 50 cents rate for road and bridge, and for general purposes. It is entirely within the sound discretion of the fiscal courts to collect a lesser rate than either or both the 20 cents and the 50 cents rate, during the period of the levy and collection and apportionment to the counties of the gross receipts tax, under section 14 (section 4281v-16), which, by its provisions, ceases June 30, 1936.

Section 4308 confers the authority on the fiscal courts, if at any time there is an accumulation in the sinking fund, to loan the same, "on first mortgage real estate securities, on the basis of fifty per cent (50%) of its value, at interest at the legal rate, which shall accrue to the sinking fund," which they may also invoke to avoid the accumulation of an excessive, idle sinking fund.

It is apparent that it is our view the order of the fiscal court here under consideration was, and is, void, and the treasurer rightfully declined to comply with it,

and in doing so he did his statutory duty. Breathitt County et al. v. Cockrell, 250 Ky. 743, 63 S. W. (2d) 920, 92 A. L. R. 626; City of Newport v. McLane, 256 Ky. 803, 77 S. W. (2d) 27, 96 A. L. R. 655.

The judgment of the circuit court being in harmony with our views, it is affirmed.

The whole court sitting.